UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVER ENTERPRISES, INC., Plaintiff, v. TOWNSHIP OF FREEHOLD, *et al.*, Defendants. | Civil Action No. 07-2322 (JAP) **OPINION** |

PISANO, District Judge.

Plaintiff, Silver Enterprises, Inc. ("Plaintiff"), brings this action against the Township of Freehold and the Freehold Township Committee ("Freehold" or "Defendants"), challenging Freehold's rent control ordinance ("Ordinance") as unconstitutional. Specifically at issue is the vacancy control provision of the Ordinance that prohibits Plaintiff, as an owner of a mobile home park, from increasing the rent on mobile home lots for new tenants who purchase mobile homes from existing tenants. Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court grants Defendants' motion.

## I. BACKGROUND[1]

Plaintiff is the owner of a manufactured home land lease community ("mobile home

[1] In addressing a motion to dismiss under Rule 12(b)(6), the Court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. County of Allegeheny*, 515 F.3d 224, 228 (3d Cir. 2008). Accordingly, the facts recited below are taken from Plaintiff's amended complaint unless otherwise indicated and do not represent this Court's factual findings.

park") in Freehold Township, Monmouth County, New Jersey. The community leases mobile spaces to tenant-residents who own manufactured homes ("mobile homes"). Plaintiff collects a "lot rent or space rent and provides infrastructure (and related maintenance) so the rented mobile home spaces can accommodate a habitable mobile home." P. Br. at 1. The rent collected by Plaintiff is subject to the rent control Ordinance.

Defendants adopted the Ordinance, Section 261 of Freehold's Municipal Code, in 1972 and amended it in 1990. The Ordinance provides that "[n]o landlord shall request or receive an increase in the charge or consideration for the renting out of any multiple dwelling unit[2] except as permitted" by the Ordinance or authorized by the Rent Control Board ("Board"). § 261-2. The Ordinance allows for annual automatic rent increases to be calculated using the consumer price index (CPI).[3] § 261-8. The Ordinance also includes a hardship increase provision, which states, "each landlord shall be entitled to a fair rate of return on his investment. If the landlord does not believe he is receiving a fair rate of return on his investment, he may make application to the Board for a hardship increase." § 261-9.

At issue in this case is the lack of a provision the Ordinance that would permit a landlord to increase the rent for a new tenant after the purchase of a mobile home from an existing tenant. Tenants "have the right to sell their mobile home on their rented mobile home lot, subject to the

---

[2]The term "multiple dwellings" is defined as "any mobile homes, mobile home lots, space in a mobile home park which is rented or offered for rent to one or more tenants." § 261-1.

[3] More specifically, § 261-8 states "at the expiration of a lease or at the termination of a periodic tenant, the landlord may request and receive from the tenant a percentage rental increase no greater than 90%, if the heat is supplied and paid for by the landlord, and 80%, if the heat is paid for by the tenant, of the percentage difference between the consumer price index for the fourth preceding month prior to the month in which the new lease arrangement shall be implemented and the CPI for the fourth preceding month prior to the month the current leasing arrangement was entered into with said tenant."

property owner's approval of the new tenant, which approval cannot be reasonably withheld." Amended Complaint, ¶ 13 ("A.C."). Because, according to Plaintiff, no provision in the Ordinance restricts the resale prices of tenants' mobile homes, "pre-owned mobile homes are selling for highly inflated prices with the primary motivating financial consideration of the buyer to be in possession of a rent controlled space." A.C. ¶ 19. Plaintiff asserts that the Ordinance allows "a departing tenant to sell his occupancy rights in the form of a premium for the mobile home sold, which is paid by the incoming tenant to the departing tenant." A.C. ¶ 22. Because the Ordinance prevents Plaintiff from adjusting the rent "upon the commencement of a new tenancy after the existing tenant's resale, " Plaintiff asserts that the Ordinance results in a "transfer of Plaintiff's interest in its property to the mobile home tenants." *Id.* at ¶¶ 24, 26. Simply put, Plaintiff alleges that, because of the rent control Ordinance, a "premium" is created for the seller of a mobile home at the expense of Plaintiff.

For a period of over twenty years beginning in1982, the Ordinance was "suspended" as to Plaintiff by a series of agreements between the Plaintiff and the tenant's association that permitted Plaintiff to raise the rent for a new tenant upon the purchase of a mobile home. Each of these agreements were approved by the township. A.C. ¶ 10. The last agreement expired in November 2004.

In its Amended Complaint, Plaintiff asserts that the Ordinance, in "preclud[ing] Plaintiff, as a mobile home park owner, from adjusting rents of residents upon a change of ownership or occupancy of a mobile home" regulates Plaintiff's property rights "without any rational[] nexus to a valid housing policy of the Town" and is therefore prohibited by the Due Process clause. *Id.* at ¶ 25. Plaintiff also alleges that because the ordinance allegedly reduces the value of Plaintiff's

property "in order to transfer value to a small class of tenant residents for a private purpose," the Ordinance amounts to a taking in violation of the Fifth Amendment. *Id.* at ¶ 28. Additionally, Plaintiff alleges that the ordinance has denied it equal protection under the law as guaranteed by the Fourteenth Amendment. *Id.* at ¶ 33. Plaintiff requests a declaration that the Ordinance is unconstitutional as well as compensatory and punitive damages and injunctive relief.

Defendants have filed this motion to dismiss arguing that, to the extent that Plaintiff's challenge to the Ordinance is a facial challenge, it is untimely under the relevant statute of limitations. Defendants further argue that, to the extent Plaintiff assert a as-applied challenge, its claims are not ripe. Def. Br. at 11, 14. Defendants also maintain that even if Plaintiff's claims had been timely and ripe, they fail as a matter of law.

## II. ANALYSIS

### A. Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. In *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1969 (2007), the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). The court in *Twombly* stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations… a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the standard of review for a motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted

inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotations omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 127 S. Ct. at 1965.

**B. Statute of Limitations**

Defendants first argue that all of Plaintiff's claims are barred by the relevant statute of limitations. Actions seeking a remedy under § 1983 are governed by the statute of limitations applicable to state personal injury claims in the state where the cause of action accrued. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). New Jersey imposes a two-year limitations period for actions for injury to the person; therefore, claims such as the present one brought under 42 U.S.C. § 1983 that accrued within New Jersey are subject to a two-year statute of limitations. *O'Connor v. Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006).

Although the applicable statute of limitations is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007). Under federal law, "the standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action." *Id.* (internal quotation and editing omitted). A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Ormsby v. Luzerne County Dep't of Pub. Welfare*, 149 Fed. Appx. 60, 62 (3d Cir. 2005). Where the constitutional claims are based on facial challenges to an ordinance, the claims accrue on the date the ordinance is passed, but where the claim is based on an as-applied challenge the cause of action accrues

"when the plaintiff's property interest was definitively burdened by the scheme." *Gilbert v. Cambridge*, 745 F. Supp. 42, 46 (D. Mass. 1990). "A facial challenge involves a claim that the mere enactment of an Ordinance violates the Constitution, while an as-applied challenge involves a claim that the particular impact of an Ordinance on a specific piece of property is unconstitutional because it deprives a property owner of due process, equal protection or just compensation." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993) (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470 (1987)).

Here, Defendants argue that to the extent that Plaintiff is making a facial challenge to the Ordinance, its claims are barred by the statute of limitations, which would have begun at the time the original ordinance was passed in 1972. Defendants argue that because Plaintiff's case "rests on its contention that the Ordinance, specifically the vacancy control provision, creates a premium for a mobile home owner who sells his home" that the claim arises "solely" from the Ordinance itself. Reply at 2. In support of their argument, Defendants cite to the Ninth Circuit's decision in a case involving similar facts, *Ventura Mobilehome Communities Owner Association. v. City of San Buenaventura*, 371 F.3d 1046 (9th Cir. 2004). In addressing claims nearly identical to those in the instant case, the *Ventura* court noted that "[i]t is not a particular application of the statute that gives rise to the premium; the premium arises solely from the existence of the statute itself" and is therefore construed as a facial challenge. *Id.* at 1051 (citing *Levald*, 998 F.2d at 686).

Plaintiff does not dispute Defendants position with respect to the running of the statute of limitations on a facial claim. However, Plaintiff alleges that its claims are as-applied challenges, and, therefore, the statute of limitations has not yet run on the claims. Plaintiff asserts that "the

deprivation occurs as a result of a combination of the passage of this Ordinance, the limitation it imposes upon the exercise of Plaintiff's property right and the impact that complex economic factors in the market place, involving the resale of mobile home, has on those rights affected by the Ordinance." P. Br. at 4. Plaintiff then argues that as an as-applied claim, Plaintiff did not become aware of "the adverse effects of the market place" when the Ordinance was first enacted in 1972. *Id.* at 5. In fact, Plaintiff asserts that because of a series of agreements allowing for rent increases without the approval of the Board, it could not have seen any effects until it started operating under the new regulatory scheme without those agreements in place beginning in 2004. *Id.* Even at the end of the agreements, Plaintiff argues that the effects of "the absence of any tenant resale vacancy decontrol were not immediately known to the Plaintiff," and that therefore the claim is within the statute of limitations. *Id.* at 5.

It is not necessary for the Court to engage in an extended analysis of whether and to what extent Plaintiff's claims are as-applied challenges or facial challenges because the claims fail in either event. To the extent that Plaintiff's claims are facial challenges to the Ordinance, the claims are barred by the applicable two-year statute of limitations. To the extent that the Plaintiff's claims are as-applied challenges, they likewise fail because, for the reasons set forth below, the claims are not ripe.

**C. Ripeness**

Because "a case and controversy is a prerequisite to all federal actions," a cause of action must fulfill ripeness doctrine, which "determines when a proper party may bring an action." *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir. 1998) (internal quotation marks omitted). The ripeness doctrine "prevent[s] federal courts, through avoidance of

premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 323 (internal quotation marks omitted). The doctrine "serves to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *County Concrete Corp. v. Twn. of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) (internal quotations and citations omitted). A presumption arises that "federal courts lack jurisdiction unless the contrary appears affirmatively from the record[, and i]t is the plaintiffs' responsibility to clearly allege facts that invoke the court's jurisdiction." *Id.* (internal quotation marks omitted).

In cases such as the present, a claim is not ripe until "(1) 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue' (the 'finality rule') and (2) the plaintiff has unsuccessfully exhausted the state's procedures for seeking 'just compensation,' so long as the procedures provided by the state were adequate." *County Concrete*, 442 F.3d at 164 (quoting *Williamson County Regional Planning Com. v. Hamilton Beach*, 473 U.S. 172, 186, 194-95 (1985)). Notably, "*Williamson's* finality rule bars not only as-applied Just Compensation Takings claims, but also as-applied substantive due process and equal protection claims ..." *Id.* (internal quotations and citations omitted); *see also Taylor Inv. Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292 (3d Cir. 1993) (applying *Williamson* to as-applied substantive due process and equal protection claims against municipal land use decision).

Defendant argues that Plaintiff's "as-applied" claims are not ripe because Plaintiff has not pursued or exhausted available administrative remedies. Specifically, Defendants note that Plaintiff has not made any application to the Township under the "hardship" provision for a rent

increase upon the commencement of a tenancy after the sale of a mobile home. As noted earlier, the Ordinance permits landlords to make application to the rent control board for rent increases based on "hardship," *i.e.*, "if the landlord does not believe he is receiving a fair rate of return on his investment." *See* Ordinance § 261-9. Plaintiff responds that any endeavor to secure an such a remedy would be futile because the Ordinance "does not contain a provision which would allow the Rent Board in Freehold Township to obtain a rent increase related to tenant resale decontrol." P. Br. at 6. However, in making a finding as to the rate of return a landlord in properly entitled under § 261-9, the Ordinance gives the Board discretion to consider, in addition to the various factors set forth in the Ordinance such as risk and comparable rates of return on similar investments, "other evidence which may be produced by the parties and considered relevant by the Board." § 281-9 (C)(2). Thus, on the face of the Ordinance it appears that the Board would be able to consider and include in the calculation of a"hardship" rent increase evidence of any alleged devaluation of Plaintiff's assets.

The Court finds that, to the extent that Plaintiff constitutional challenges to the Ordinance are "as-applied," Plaintiff has not satisfied the ripeness requirements. Because Plaintiff has made no application to the Township under the Ordinance, the finality requirement of *Williamson* is not satisfied. There is nothing in the Ordinance that would prohibit Plaintiff from seeking a rent increase under § 261-9 when a tenant sells their mobile home. However, Plaintiff has not done so. Consequently, Plaintiff's due process, takings, and equal protection claims – to the extent they can be construed to be "as-applied" – are not ripe.

Additionally, specifically with respect to its takings claim, Plaintiff simply has not availed itself of any local or state remedy to obtain rent increases or other compensation for the

deprivation alleged. Indeed, "[i]f a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 197. Until the plaintiff has pursued these available measures, the plaintiff "has suffered no harm and has no cause of action because "where just compensation is available, a taking is not unconstitutional." *Williamson*, 473 U.S. at 197, *see also County Concrete*, 442 F.3d at 168 ("A plaintiff cannot claim a violation of the Just Compensation Clause until he or she has exhausted a state's procedure for seeking just compensation.") (internal quotations omitted)).

At most, it appears that Plaintiff may have informally requested that Defendants generally allow rent adjustments upon the commencement of a tenancy after a resale. A.C. ¶ 23 (ordinance interpreted by Defendants to prohibit rent adjustments upon resale "despite requests by Plaintiff."). This, however, is not sufficient. Plaintiff has not alleged that he specifically sought and was denied compensation. *See Ventura*, 371 F.3d 1046, 1053 (finding that did the plaintiff in that case had "not adequately allege[d] that it exhausted available state remedies" when it merely stated that it "engaged in extended negotiations and mediation with the City" without alleging that it both sought and was denied compensation and, further, an allegation that the Ordinance did not provide a procedure "to contest the creation of premiums" was an insufficient because the ordinance did allow for discretionary rent increases which the plaintiff did not avail itself of). Consequently, Defendants' motion to dismiss Plaintiff's Amended Complaint shall be granted.[4]

[4]In light of the Court's decision regarding the timeliness of ripeness of Plaintiff's claims, the Court does not need to reach Defendants additional arguments regarding the merits of Plaintiff's claims.

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendants motion to dismiss. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
Joel A. Pisano, U.S.D.J.

Date: August 25, 2008